MANUEL TORRES OZORES, Plaintiff and Appellee, *v.* JOSÉ LUIÑA ALVAREZ, Defendant and Appellant.

No. 5828. Argued January 11, 1933.—Decided January 20, 1933.

*Monserrat & Monserrat* and *José J. Calderón* for appellant. *E. Martínez Rivera* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

On August 17, 1928, Manuel Torres Ozores mortgaged an urban property, which is described in the complaint, in favor of José Luiña Alvarez to secure a loan of $5,000, interest thereon at the rate of 10 per cent per annum, and an additional amount up to $500 for expenses, costs, and attorney's fees in case of judicial claim.

On November 17, 1928, Manuel Torres Ozores mortgaged the same property in favor of José Luiña Alvarez to secure a loan of $600, interest thereon at the rate of 10 per cent per annum, and an additional amount up to $150 for expenses, costs, and attorney's fees in case of judicial claim.

The mortgagee instituted a summary foreclosure proceeding against the debtor to recover his credits, and the writ demanding payment (*orden de requerimiento*) included the sum of $500 for expenses, costs, and attorney's fees with respect to the first mortgage and, similarly, the sum of $150 with respect to the second mortgage. The property was sold at public auction and the defendant in that proceeding, plaintiff herein, Manuel Torres Ozores, now prays that said proceeding be annulled on the ground that the property was sold without having been previously attached and before the costs, expenses, and attorney's fees had been liquidated.

The District Court of San Juan sustained the complaint and rendered a judgment annulling the summary foreclosure proceeding, with other applicable pronouncements. A counter-claim filed with the defendant was also sustained and costs were imposed on the defendant. The latter took an appeal from that judgment, claiming that the lower court erred in decreeing the annulment of the summary foreclosure proceeding on the ground that in the said proceeding neither the court nor the parties had liquidated the expenses, costs, and attorney's fees. This is really the only ground on which the lower court based its decision.

Article 170 of the Regulations for the execution of the Mortgage Law provides that the debtor be ordered to pay the amount claimed, with the costs, if the latter should also be secured by the mortgage. Section 128 of the Mortgage Law prescribes by its fifth paragraph that the property the subject of the proceedings shall not be answerable for the costs incurred, unless the amount thereof shall appear of record in the registry, which is the equivalent of saying that when the costs are recorded, the property is answerable for them.

Galindo y Escosura, in his Commentaries on the Spanish Mortgage Law, vol. 3, p. 307, says that the first mortgagee has preference over the second only as regards the principal and two annual instalments of interest and such interest as may have accrued during the third year. The same preference applies as to costs when the amount thereof is fixed in the deed and the property is answerable therefor.

When the amount stipulated for costs in the mortgage contract has been recorded in the registry of property, the creditor has a right to demand that the debtor be ordered to pay the costs thus secured as well as the principal amount of the mortgage. This Court in the case of *Arsuaga* v. *Corte,* 43 P.R.R. ——,* held that—

"The revised Mortgage Law itself also permitted the recovery of costs in summary foreclosure proceedings by providing in this connection, in section 128, as follows: 'The estate the subject of the proceeding shall not be answerable for the costs incurred, unless the amount necessary therefor shall appear of record in the register.' When it appears of record, a demand for payment shall be ordered including costs as provided in article 170 of the Regulations, and the recovery of costs shall be the logical result of the stipulations of the contract and of the provisions of the law.

"This being so, if costs are secured and recoverable in a summary foreclosure proceeding in order that the latter may be prosecuted without hindrance, they must constitute a liquidated sum, previously discussed, agreed to, and fixed by the parties to provide for the case where one of them, the creditor, is forced to institute

---

* NOTE: See Preface of this volume.

judicial proceedings to recover his credit without interruptions. And indeed this has been the understanding of contracting parties and of the bar of Puerto Rico for nearly 40 years, so that it has become a rule of property that must be respected."

In the case of *Balet* v. *Dávila,* recently decided by this Court (*ante,* p. 49), the doctrine of *Arsuaga* v. *Corte,* just cited, was confirmed. We are of the opinion that the demand for payment in the summary foreclosure proceeding which is sought to be annulled was made in conformity with the provisions of the Mortgage Law and the Regulations, and that the judgment appealed from must be reversed without special imposition of costs.